|  |  |  |
|---|---|---|
| MICHAEL FRANKLIN MATOS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION<br><br>NO. 14-40136-TSH |
| SETON HALL UNIVERSITY, AN EDUCATIONAL CORPORATION OF NEW JERSEY | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO TRANSFER VENUE (Docket No. 15)**

**May 4, 2015**

**HILLMAN, D.J.**

Plaintiff Michael Franklin Matos ("Plaintiff") asserts claims against Defendant Seton

Hall University ("Seton Hall" or "the university") for breach of contract (Count I), breach of

common law duty to provide fundamental and procedural fairness (Count II), and violations of

New Jersey and federal disability discrimination law (Counts III and IV). Seton Hall moves to

dismiss for lack of personal jurisdiction and/or improper venue, or in the alternative, to transfer

venue to the District of New Jersey (Docket No. 15). Seton Hall's motion is ***denied***.

**Background**

Seton Hall University is incorporated under the laws of New Jersey as an educational

corporation. Plaintiff is a resident of Shrewsbury, Massachusetts and a former Seton Hall

student. On December 27, 2011 Seton Hall mailed an admission package to Plaintiff at his home

in Shrewsbury, offering him a place in Seton Hall's incoming class. The package included the

offer of a four-year scholarship totaling $90,000. Plaintiff accepted the offer and enrolled for the Fall 2012 semester.

The Amended Complaint asserts the following facts regarding Plaintiff's enrollment at Seton Hall. In February of his freshman year, Plaintiff experienced a depressive episode and was diagnosed with Major Depressive Disorder. To deal with his depression, Plaintiff voluntarily withdrew from the university for the remainder of the school year. He re-enrolled for the Fall 2013 semester. On October 21, 2013, a Seton Hall employee found marijuana and drug paraphernalia in Plaintiff's dorm room. Plaintiff denied that the contraband belonged to him. He was summoned to a meeting with the Dean of Students. According to Plaintiff, the Dean stated that because she believed Plaintiff to be bipolar, he would be stripped of his standing as a student. On October 22, the Dean instructed Plaintiff that he had one day to submit an application for medical withdrawal. Plaintiff refused, and the Dean placed Plaintiff on interim suspension. At the behest of his parents, Plaintiff withdrew from the university one month later.

Seton Hall has moved to dismiss for lack of personal jurisdiction. Plaintiff asserts that this Court may exercise specific personal jurisdiction over Seton Hall because the university recruited him in Massachusetts. Seton Hall acknowledges that it recruits college students by visiting high schools and attending college fairs in Massachusetts, and that it advertises in national publications in both print and online form.

## Analysis

### *Specific Jurisdiction Standard*

Specific jurisdiction exists "over an out-of-state defendant where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." *Negron-Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 24 (1st Cir. 2007). To determine whether the Constitution

permits the exercise of specific jurisdiction, the First Circuit uses a three-part inquiry.[1] First, the

legal claims must relate to or arise out of the defendant's contacts in the forum. *See Phillips*

*Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 288 (1st Cir. 1999)*.* Second, the

defendant's contacts must constitute "purposeful availment of the benefits and protections" of

the forum's laws. *Id.* Third, the exercise of jurisdiction must be "consistent with principles of

justice and fair play." *Carreras v. PMG Collins, LLC*, 660 F.3d 549, 554 (1st Cir. 2011).

The relatedness prong "is a flexible, relaxed standard." *N. Laminate Sales, Inc. v. Davis*,

403 F.3d 14, 25 (1st Cir. 2005). However, a "broad but-for" relationship between the in-state

activity and the cause of action is generally insufficient. *Harlow v. Children's Hosp.*, 432 F.3d

50, 61 (1st Cir. 2005). Instead, the test falls between proximate and "but for" causation, with

foreseeability shaping most relatedness determinations. *See Nowak v. Tak How Inv. Ltd.*, 94 F.3d

708, 715-16 (1st Cir. 1996). The purposeful availment analysis asks whether the defendant's in-

state activity was voluntary, and whether that activity made it reasonably foreseeable that the

defendant could be haled into court in that state. *Id.* at 716. The third and final test asks whether

the exercise of jurisdiction is reasonable in light of five "gestalt factors:"

> (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the
> dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the
> judicial system's interest in obtaining the most effective resolution of the controversy;
> and (5) the common interests of all sovereigns in promoting substantive social policies.

*Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 209 (1st Cir. 1994).

<em>Relatedness</em>

Seton Hall does not dispute that it sent an admission and scholarship offer to Plaintiff at

---

[1] Personal jurisdiction exists over an out-of-state defendant where it is authorized by the forum state's long-arm
statute and is consistent with the due process clause of the Fourteenth Amendment to the U.S. Constitution. *Daynard
v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 52 (1st Cir. 2002). Because the Massachusetts
long-arm statute has been interpreted to extend to the limits allowed by the U.S. Constitution, this Court will
proceed directly to the due process inquiry. *Id.*

his home in Shrewsbury, Massachusetts. In the First Circuit, this type of contact provides a basis for specific jurisdiction on a contract claim. *See Hahn v. Vermont Law School*, 698 F.2d 48 (1st Cir. 1983) (finding personal jurisdiction where out-of-state educational institution sent application information and acceptance letter to plaintiff in Massachusetts); s*ee also Hannon v. Beard*, 524 F.3d 275, 280 (1st Cir. 2008) (discussing and citing *Hahn* with approval). Just as in *Hahn*, Plaintiff's contract claims arise out of the communications sent by Seton Hall into Massachusetts. By offering Plaintiff admission and a scholarship, Seton Hall encouraged Plaintiff's matriculation and the formation of the contract upon which Counts I and II are based. *See Hahn*, 698 F.2d at 51. Further, through its recruiting activity and national advertising campaigns, Seton Hall could reasonably anticipate that Massachusetts students like Plaintiff would apply for and accept offers of admission. *See Sigros v. Walt Disney World Co.*, 129 F. Supp. 2d 56, 67 (D. Mass. 2001).

Plaintiff's disability discrimination claims also arise out of Seton Hall's contacts in Massachusetts.[2] The First Circuit has observed that when a defendant engages in forum activity designed to encourage a contractual relationship, and suffers harm "while engaged in activities integral to [that] relationship," the nexus between the contacts and the cause of action is sufficient to survive the relatedness test.[3] *Nowak*, 94 F.3d at 715-16. Counts III and IV allege that Plaintiff was illegally suspended as a student from Seton Hall because of his mental disability. Plaintiff's status as a student was directly connected to the admission and scholarship offer sent to Plaintiff's home in Shrewsbury. This is a sufficient nexus for the Court to conclude

---

[2] The specific jurisdiction inquiry requires courts to examine each legal claim discretely. *See Phillips Exeter*, 196 F.3d at 289.

[3] Although the *Nowak* court made this observation in the context of a tort claim, the rationale applies with equal force to Plaintiff's disability discrimination claims. *See, e.g.*, *Sigros*, 129 F. Supp. 2d at 66-69 (analyzing specific jurisdiction over federal disability discrimination claims in the same fashion as tort claims).

that Counts III and IV arise from Seton Hall's forum activity.

*Purposeful Availment*

Seton Hall's activities in Massachusetts constitute a purposeful availment of the benefits and protections of Massachusetts law. The university voluntarily recruits in Massachusetts and advertises in national publications that are seen by Massachusetts residents. Seton Hall also acted voluntarily when it sent an admission and scholarship offer to Plaintiff at his home in Shrewsbury. Reaching into Massachusetts to recruit students in general, and Plaintiff in particular, made it foreseeable that Seton Hall could be haled into Massachusetts courts. *See Nowak*, 94 F.3d. at 717; *Hahn*, 698 F.2d at 51-52. Therefore, the Court concludes that the purposeful availment requirement is satisfied.

*Gestalt Factors*

If any doubt exists as to the strength of Seton Hall's contacts in Massachusetts, the gestalt factors tip the inquiry in favor of exercising jurisdiction. *See Nowak*, 94 F.3d at 717 (observing that "the gestalt factors may tip the constitutional balance" in cases where the minimum contacts question is close). While Seton Hall will incur some burden in defending itself in this Court, that burden is not "onerous in a special, unusual, or other constitutionally significant way." *Nowak*, 94 F.3d at 718. Massachusetts has a strong interest in protecting citizens from being lured to and suffering harm in another state, and in offering its residents a convenient forum for adjudicating claims. *See id*. This is especially true where, as here, a plaintiff would be unable to pursue the claims elsewhere. *See id.* There is no advantage to be had in an alternative forum for the effective administration of justice, and Seton Hall raises no pertinent policy arguments that would counsel against jurisdiction in this Court. Accordingly, the Court finds that exercising jurisdiction over Seton Hall is reasonable and consistent with principles of justice and fair play.

This Court has specific jurisdiction over all claims in this action because they arose from Seton Hall's voluntary Massachusetts activity, were foreseeable, and it is reasonable to subject Seton Hall to jurisdiction. Therefore, Seton Hall's motion to dismiss for lack of personal jurisdiction will be denied.

### *Venue*

Seton Hall's assertion that venue is improper fails. "A civil action may be brought in a judicial district in which any defendant resides," 28 U.S.C. § 1391(b)(1), and "an entity with the capacity to sue and be sued in its common name . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Because Seton Hall is subject to this Court's personal jurisdiction, venue is proper. For the reasons stated above, the Court declines to transfer venue to the District of New Jersey.

### **Conclusion**

For the foregoing reasons, Seton Hall's Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 15) is ***denied***.


SO ORDERED.


*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**